IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Damascus Omar Scott, | C/A No.: 1:10-2517-RBH-SVH |
|         Plaintiff, | |
| vs. | |
| | REPORT AND RECOMMENDATION |
| Captain Hollister; Mr. James Doriety, Director; Mr. Scotty Bodiford, Administrator; Officer Hugh, | |
|         Defendants. | |

This case concerns information posted on the Greenville County Government Detention Center website. Plaintiff, who is a pretrial detainee incarcerated in the Greenville County Detention Center ("GCDC"), brings this civil action pursuant to 42 U.S.C. § 1983 for violation of his constitutional rights and seeks money damages. Plaintiff is proceeding *pro se* and *in forma pauperis*. He alleges that he was arrested on August 12, 2010, for failure to pay child support and "assault with intent to commit criminal sexual conduct -- first degree." [Entry #1]. Plaintiff alleges that unbeknownst to him, he was placed in the housing unit for sex offenders. When Plaintiff would leave his housing unit, other detainees would call him "child-molester or sex offender." *Id.* After several weeks of being incarcerated, Plaintiff's mother informed him that "people were calling her telling her that [he] was in the detention center for a sex-crime on a minor. That they [had] seen it on the Greenville County Detention Center website." *Id.* Plaintiff alleges that the face of his warrants do not charge him with any offenses upon a minor, and he alleges that the person he was with at the time of the incident was "way over 40

years of age." [Entry #1].  In other words, Plaintiff alleges that the information posted on the website related to the criminal charge against him is false.  Plaintiff alleges that someone gave him a copy of the website page with his "mugshot" on it beside the charge of assault with intent to commit criminal sexual conduct with a minor.[1] *Id.* at 4.  Plaintiff alleges that on September 12, 2010, and September 16, 2010, he wrote inmate request forms to the administration and Sgt. Lewis to alert them about the false information on the website.  *Id.*  Plaintiff alleges that as of the date he signed the Complaint, September 19, 2010, Defendants had not corrected the mistake or investigated the matter.  *Id.*  Plaintiff alleges that when a lawyer arrived to see him from the Greenville County Public Defender's Office, she advised him that she was appointed to represent him and that one of the charges against Plaintiff is "CSC with / minor (16 yoa)."  *Id.*  Plaintiff alleges that because his attorney was notified that he was charged with criminal sexual conduct with a minor, in addition to the false information being listed on the website, "this is far more than an isolated incident."  *Id.*  Plaintiff alleges that Defendant Hugh entered Plaintiff's name into the GCDC website in a grossly negligent manner.  *Id.* at 5–7.  Plaintiff alleges that the supervisors, Defendants Hollister, Bodiford, and Doriety, should be liable because their responses upon learning about the website mistake were "so inadequate to

---

[1] The Greenville County Government Detention Center website indicates that Plaintiff is charged with "ASSAULT W/I COMMIT CSC W/ MINOR."  *See* Greenville County Government Online, http://www.greenvillecounty.org/detention_center/, (last visited Feb. 5, 2011).  This Court may take judicial notice of factual information located in postings on government websites.  *See Williams v. Long*, 585 F.Supp.2d 679, 687–88 (D. Md. 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

2

as to show deliberate indifference to the alleged offensive, practices, actions." [Entry #1 at 7–8]. Plaintiff alleges that his reputation has been irreparably harmed in a widespread manner in his community. *Id.* at 4. Plaintiff alleges Defendants committed defamation, slander, and a due process violation due to a liberty interest in his good name. Plaintiff seeks five million dollars in damages and presumably injunctive relief to order that the website be corrected. *Id.* at 10–11.

I.     Standard of Review

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this court is authorized to review the Complaint for relief and submit findings and recommendations to the district judge. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if it: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. As a *pro se* litigant, Plaintiff's pleadings are accorded liberal

construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* Complaint remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

II.    Discussion

Plaintiff apparently filed this action in this court because he believes that his constitutional rights have been violated which would satisfy federal question subject matter jurisdiction. While Plaintiff's allegations, if true, are certainly upsetting to Plaintiff, they do not state a cognizable constitutional claim which may be pursued under 42 U.S.C. § 1983. Civil rights statutes, such as 42 U.S.C. § 1983, do not impose liability for violations of duties of care arising under a state's tort law. *DeShaney v. Winnebago Cnty. Dep't of Soc. Serv.*, 489 U.S. 189, 200–203 (1989). Although Defendants acted under the color of state law when they allegedly defamed him, Plaintiff does not have a liberty interest in his good name. A person who is defamed by a government official who acted under color of law, "standing alone and apart from any other governmental action with respect to him," cannot state a claim for relief under 42 U.S.C. § 1983 and the Fourteenth Amendment. *Paul v. Davis*, 424 U.S. 693, 694 (1976). Harm to a person's reputation does not deprive him of any "liberty" or "property" interests protected by the Due Process Clause. *Id.* The rule is sometimes referred to as the "stigma-plus" standard,

which requires a plaintiff to demonstrate that a government official's conduct deprived him of a previously recognized property or liberty interest in addition to damaging his reputation. *See Cypress Ins. Co. v. Clark*, 144 F.3d 1435, 1436–37 (11th Cir. 1998) (citing *Paul*, 424 U.S. at 712). The fact that the alleged defamation occurred on a website available to internet users does not change the analysis. *See Robert v. Abbett,* No. 3:08-CV-329-WKW (WO), 2009 WL 902488, *7 (M.D.Al. March 31, 2009) (finding that the alleged policy of Lee County to defame persons via the website did not allege a violation of the right to due process of law, but did allege a tort claim for defamation). Therefore, Plaintiff's allegations do not state a claim on which relief may be granted for a violation of the Constitution. *Cf. Wiest v. E-Fense, Inc.*, 356 F.Supp.2d 604, 608–10 (E.D.Va. 2005) (finding, in a diversity action, that false postings on a website did state a claim for defamation).

To the extent Plaintiff brings suit against Defendants for gross negligence and defamation, these state law tort claims may possibly be heard by this court through the exercise of "supplemental jurisdiction," which allows federal courts to hear and decide state-law claims along with federal-law claims.[2] *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 387 (1998). The state claims must be "so related" to the federal claims "that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Federal courts are permitted to decline supplemental jurisdiction pursuant to subsection (c) of § 1367, if:

---

[2] This court does not have original diversity jurisdiction over Plaintiff's state law claims against the Defendants. It appears that all parties are domiciled in South Carolina; thus, complete diversity of parties is lacking. *See* 28 U.S.C. § 1332(a).

5

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Clause (c)(3) recognizes that, once the federal question claim is removed, the remaining state claims should not be adjudicated. *Id.* Because it is recommended that the constitutional claim should be dismissed, it is recommended that the district judge decline to exercise supplemental jurisdiction over Plaintiff's state law claims against Defendants pursuant to § 1367(c)(3). *See Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants.").

III.   Conclusion

It is recommended that the district judge dismiss the Complaint without prejudice and without issuance and service of process based upon Plaintiff's failure to state a federal question claim on which relief may be granted. The state law claims should be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

IT IS SO RECOMMENDED.

*[signature]*

February 7, 2011                           Shiva V. Hodges
Florence, South Carolina                   United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**