IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Damascus Omar Scott, ) | Civil Action No.: 1:10-cv-02517-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Captain Hollister; Mr. James Doriety, ) | |
| Director; Mr. Scotty Bodiford, ) | |
| Administrator; Officer Hugh, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Currently pending before the Court is the Plaintiff's Objections [Docket # 19] to the Magistrate Judge's Report and Recommendation ("R&R") recommending that the Court dismiss the Plaintiff's Complaint without prejudice and without issuance and service of process based on the Plaintiff's failure to state a federal claim on which relief may be granted.[1]  Further, the Magistrate Judge recommends dismissing the state law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3).  For the following reasons, the Court adopts the R&R.

**Procedural History**

This case was initiated on September 28, 2010, when the Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 alleging a due process violation due to a liberty interest in his good name, defamation, and slander.  Specifically, the Plaintiff alleges that he was improperly placed in the housing unit for sex offenders and that his charge of "assault with intent to commit criminal sexual conduct–first degree" was improperly listed on the Greenville County Detention Center website as assault with intent to

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling.

commit criminal sexual conduct with a minor. The Plaintiff seeks five million dollars in damages. On February 7, 2011, the Magistrate Judge filed her R&R recommending that the Court dismiss the Complaint without prejudice and without issuance and service of process. The Plaintiff filed timely objections on February 22, 2011, and this matter is ripe for review.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d 44, 47-48 (4th Cir. 1982). In the absence of a timely filed specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

## Discussion

In her R&R, the Magistrate Judge states: "[a]lthough Defendants acted under the color of state law when they allegedly defamed him, Plaintiff does not have a liberty interest in his good name." R&R, p. 4; *see Paul v. Davis,* 424 U.S. 693, 694 (1976) (concluding that a person who is defamed by a

government official who acted under color of state law, "standing alone and apart from any other governmental action with respect to him," cannot state a claim for relief under § 1983, as harm to a person's reputation does not deprive him of any "liberty" or "property" interests protected by the Due Process Clause). The United States Supreme Court in *Paul* stated that Supreme Court precedent "does not establish the proposition that reputation alone, apart from some more tangible interests such as employment, is either 'liberty' or 'property' by itself sufficient to invoke the procedural protection of the Due Process Clause." *Paul,* 424 U.S. at 701. In his objections, the Plaintiff appears to argue that the Defendants "infringed on [his] liberty interest without due process of law" because being branded with one of the most "stigmatizing and debilitating labels in our society" will impact his future employment:

> [T]his case has a genuine issue as to material facts . . . and this case is sufficient to invoke the strictures of the Fourteenth Amendment, and the impact upon future employment opportunities.

Pl.['s] Objections, p. 3.

Nonetheless, under what is sometimes referred to as the "stigma plus" test, "the *Paul* Court instructed that no deprivation of a liberty interest occurs when, in the course of defaming a person, a public official solely impairs that person's *future* employment opportunities, without subjecting him to a *present* injury such as termination of government employment." *Ridpath v. Board of Governors Marshall Univ.,* 447 F.3d 292, 309 n.16 (4th Cir. 2006); *see Siegert v. Gilley,* 500 U.S. 226, 233 (1991) ("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation."); *Johnson v. Morris,* 903 F.2d 996, 999 (4th Cir. 1990) ("Publication of stigmatizing charges alone, without damages to 'tangible interests such as employment' does not invoke the due process clause."). The interest in reputation alone, which the Plaintiff seeks to vindicate in the instant matter, is neither "liberty" nor "property" guaranteed against state deprivation without due process:

> [South Carolina] law does not extend to [Plaintiff] any legal guarantee of present enjoyment of reputation which [may have] been altered as a result of [Defendants'] actions. Rather his interest in reputation is simply one of a number which the State may protect against injury by virtue of its tort law, providing a forum for vindication of those interests by means of damages actions. And any harm or injury to that interest, even where as here inflicted by an officer of the State, does not result in a deprivation of any "liberty" or "property" recognized by state or federal law . . . .

*See Paul,* 424 U.S. at 711-12. As such, the Court dismisses the Plaintiff's § 1983 claim alleging a due process violation due to a liberty interest in his good name and reputation.

Moreover, because the Plaintiff's § 1983 claim is dismissed for failure to state a claim on which relief may be granted, the Court declines to exercise supplemental jurisdiction over the Plaintiff's state law tort claims against the Defendants. *See* 28 U.S.C. § 1367(c)(3) (Federal courts are permitted to decline supplemental jurisdiction as to state law claims if "the district court has dismissed all claims over which it has original jurisdiction.").

## Conclusion

Having thoroughly reviewed the entire record, the Plaintiff's objections, and the applicable law, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. As such, the Court agrees with the recommendations of the Magistrate Judge. Based on the foregoing, it is **ORDERED** that the Magistrate Judge's R&R is adopted and incorporated herein by reference, and the Plaintiff's Complaint is dismissed *without prejudice.*

**IT IS SO ORDERED.**

                                                          s/ R. Bryan Harwell
                                                          R. Bryan Harwell
                                                          United States District Judge

Florence, South Carolina
March 3, 2011